The Honorable Allen Kerr State Representative 1429 Merrill Drive Little Rock, Arkansas 72211-1819
Dear Representative Kerr:
I am writing in response to your request for my opinion on the following six (6) questions regarding the benefits eligibility of a member of the Arkansas Public Employees' Retirement System ("APERS"):
 1) Is termination of employment necessary to draw retirement benefits from APERS?
 2) Is it permissible for an elected official who is a member of APERS to retire and start drawing retirement benefits if the official continues to serve in the same office or is elected to another office within the same form of government?
 3) If the answer to question number 2 is "yes," must an elected public official vacate an office to be considered terminated for APERS retirement purposes if official does not meet the requirements of A.C.A. § 24-4-520(c)?
 4) Is an elected official, under the provisions of A.C.A. § 24-4-520(b)(2), terminated from employment if they continue to work unpaid in the same capacity or a vacancy of the office is not declared? *Page 2 
 5) Is an employee terminated from employment under A.C. A. § 24-4-520(b)(1) if they never empty their office, the job is not posted as available, or no attempt is made by the public entity to fill the position and the employee returns to the same public entity and position after thirty (30) days?
 6) If the individual responsible for reporting wage and service information to the retirement system reports to the system that a member has terminated for retirement purposes when, in fact, the member continues to occupy the covered position, has the reporting individual violated some law, such as falsifying a public record?
RESPONSE Question 1: Is termination of employment necessary to draw retirementbenefits from APERS?
Generally speaking, it is my opinion that the answer to this question is "yes." The relevant code section, A.C.A. § 24-4-520, expressly states:
 Except as provided in subsection (c) of this section, a member of the Arkansas Public Employees' Retirement System shall terminate covered employment to be eligible for retirement.
A.C.A. § 24-4-520(a) (Supp. 2007) (emphasis added).
The exception set forth in subsection (c) is only applicable to certain noncontributory elected officials who are elected to a new office in a "different form of government" and will begin serving in their new capacity immediately after the expiration of their current term. A.C.A. § 24-4-520(c)(1); see A.C.A. § 24-4-521(b)(5). I note that failure to meet the applicable termination requirement results in forfeiture of benefits until such time as the requirement is met. A.C.A. § 24-4-520(d).
Question 2: Is it permissible for an elected official who is a memberof APERS to retire and start drawing retirement benefits if the officialcontinues to serve in the same office or is elected to another officewithin the same form of government? *Page 3 
In my opinion, the answer to this question is "no." As previously stated, the only exception to the requirement of terminating covered employment in order to achieve benefits eligibility is for certain noncontributory elected officials who are elected to a new office in a "different form of government." A.C.A. § 24-4-520(c)(1); see A.C.A. § 24-4-521(b)(5). For purposes of the section in question, "form of government" has been defined to mean "city government, county government, or state government." A.C.A. § 24-4-530(c)(3).
It might be possible for such an official to retire, i.e., terminate covered employment, begin drawing benefits, and then return to service in the same office or same form of government after remaining terminated from covered employment for the period set forth by A.C.A. § 24-4-520(b). However, your question specifically addresses the situation of an individual who "continues to serve." I interpret this phrase to mean that the individual either does not terminate employment or does not remain terminated for the required period.
Question 3: If the answer to question number 2 is "yes," must anelected public official vacate an office to be considered terminated forAPERS retirement purposes if official does not meet the requirements ofA.C.A. § 24-4-520(c)?
Please see my response to question 2, above.
Question 4: Is an elected official, under the provisions of A.C.A.§ 24-4-520(b)(2), terminated from employment if they continue to workunpaid in the same capacity or a vacancy of the office is notdeclared?
In my opinion, the answer to this question is probably "no." As previously stated, A.C.A. § 24-4-520(a) requires a member of APERS to "terminate covered employment" to become eligible for retirement benefits. The next subsection, A.C.A. § 24-4-520(b), addresses the amount of time that a member must refrain from employment in a covered position to be considered terminated. The version of A.C.A. § 24-4-520(b) currently in effect states:
 A member shall not be terminated from employment for retirement purposes if the person:
 (1) Returns to employment in a position covered under the system within thirty (30) days of the person's effective date of retirement; or *Page 4 
 (2) Is a member with service credit under § 24-4-521 at a rate of two (2) or more years of credited service for each year of actual service and the person returns to employment in a position covered under the system within ninety (90) days of the person's effective date of retirement.
A.C.A. § 24-4-520 (b)(1) (2) (Supp. 2007) (emphasis added).[1]
Statutes should be construed in a way that gives effect to the legislature's intent. Gonzales v. City of DeWitt, 357 Ark. 10,159 S.W.3d 298 (2004). Generally speaking, legislative intent is to be gleaned from the plain meaning of the words used. Masterson v.Stambuck, 902 S.W.2d 803, 321 Ark. 391 (1995).
Section 24-4-520 does not expressly define the phrase "terminate covered employment." However, as you pointed out in your opinion request, the Arkansas Supreme Court has interpreted "terminate" to mean "to bring to an end" in the context of a different retirement provision.Jacksonville v. Blytheville Civil Serv. Comm'n,345 Ark. 56,43 S.W.3d 748 (2001). Moreover, Black's law dictionary defines "termination of employment" to mean "the complete severance of an employer-employee relationship." BLACK'S LAW DICTIONARY, 1482 (7th ed. 1999) (emphasis added). Subsection (b) reinforces this interpretation as it speaks of a "return . . . to employment" after a set period of termination. A.C.A. § 24-4-520(b) (emphasis added).
For these reasons, it is my opinion that someone who continues to work should not be considered retired for purposes of benefits eligibility when the relevant statute expressly requires a covered employee to "terminate covered employment" for a given period in order to be eligible for retirement. A.C.A. § 24-4-520(a) (b).
Question 5: Is an employee terminated from employment under A.C. A.§ 24-4-520(b)(1) if they never empty their office, the job is not postedas available, or no attempt is made by the public entity to fill theposition and the employee returns to the same public entity and positionafter thirty (30) days?
Again, it is my opinion that the answer to this question is probably "no." As stated in response to question 4, the plain meaning of the phrase "terminate covered *Page 5 
employment" seems to contemplate an actual end to the employer-employee relationship for the given period. A.C.A. § 24-4-520(a) (b); BLACK'S LAW DICTIONARY, supra. Allowing an employee to take what essentially amounts to a temporary leave of absence so that he or she may attempt to qualify for retirement benefits does not, in my opinion, constitute an end to the employment relationship.
Question 6: If the individual responsible for reporting wage andservice information to the retirement system reports to the system thata member has terminated for retirement purposes when, in fact, themember continues to occupy the covered position, has the reportingindividual violated some law, such as falsifying a public record?
I cannot, in the abstract, determine if any law has been violated. For any individual to be convicted of a violation of the law, he or she must be tried and found guilty of each element of the charged offense, including any required culpable mental state, by an appropriate finder of fact. This office cannot act as a finder of fact with respect to any matter, criminal or civil. The conduct described does, however, tend to suggest several offenses that could potentially have been committed, including: Abuse of Office (A.C.A. § 5-52-107); Abuse of Public Trust (A.C.A. § 5-52-101); Theft of Public Benefits (A.C.A. § 5-36-202) (for accessory liability see A.C.A. § 5-2-401 — 403); Falsifying a Business Record (A.C.A. § 5-37-202); and Tampering with a Public Record (A.C.A. § 5-54-121). Again, I cannot say whether any of these offenses have actually been committed.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JC /cyh
[1] It is certainly relevant to note that this code section was amended by Act 657 of 2009. Act 657 lengthens both of the time periods set forth in subsection (b) to 180 days and takes effect on July 1, 2009. Acts of 2009, No. 657, § 2 (emergency clause). *Page 1